IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ACCIDENT INSURANCE COMPANY, INC.                   PLAINTIFF

VERSUS                       CIVIL ACTION NO. 1:20-cv-191-HSO-JCG

DENNIS COLLIER CONSTRUCTION, LLC;
DENNIS COLLIER, INDIVIDUALLY;
MARK EVANS; and RONETTE EVANS              DEFENDANTS

---

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS OF MARK AND RONETTE EVANS

---

Defendants, Mark and Ronette Evans, file this Memorandum Brief in Support of their Motion to Dismiss and state:

### FACTS

Mark and Ronette Evans contracted with Dennis Collier Construction, LLC for the construction and remodeling of a historic residential home in Pearl River County, Mississippi. Dissatisfied with the quality of the work, the Evans filed suit against Collier in Pearl River County Circuit Court, cause number 19-CV-158-PH, for breach of contract and defective workmanship. The Pearl River County Circuit Court case is currently in the discovery phase.

Plaintiff, Accident Insurance Company, Inc. (AIC), filed its Complaint in this case for a declaration that Collier has no coverage for the claims asserted in the Pearl River County Circuit Court action.

Defendants have filed an Amended Complaint for declaratory judgment in the state court action, a copy of which is attached to the accompanying motion. This Amended Complaint added AIC as a defendant and requests the state court determine coverage under Collier's policy pursuant to M.R.C.P. 57.

1

## ARGUMENT

The Evans request that this Court dismiss this action under the doctrine of abstention in favor of the currently pending state court action.

In *National Builders and Contractors Ins. Co. v. Dossett* 2011 WL 1628029 (S.D. Miss. 2011), Judge Bramlette decided a similar case and deferred to the state case, dismissing the federal lawsuit. He wrote: "The state trial court is in a better position to evaluate the factual issues than is the federal court; moreover, issues of unsettled state law are implicated, and there is a close nexus between the underlying factual and legal issues and state law and public policy. This is particularly so since insurance contract interpretation is involved." *Id. *4.* The court went on to say, "Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, although there is no *per se* rule prohibiting such actions in federal court...[s]uch actions..should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem." *Id.* (quoting *Bituminious Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir.2004)). The court found abstention proper even though the state declaratory judgment action was filed after the federal case.

Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action and "the district court's discretion is broad." *St. Paul Insurance Company*, 93 F. 3d at 590 (1994). In deciding whether to dismiss the declaratory judgment, the Court may consider (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing this suit, (4) whether possible inequities in allowing the declaratory plaintiff

to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy, and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.* at 591.

In the United States Supreme Court case of *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995), the court analyzed a very similar case. The court agreed that "there is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action." *Id.* at 288. The Court analyzed the standard for declaratory judgment abstention provided in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). The facts in *Wilton* demonstrated that the underwriter sought a declaratory judgment that their commercial liability insurance policy provided no coverage. The district court entered a stay on the grounds that the federal suit encompassed the same coverage issues raised in the state action, and the court of appeals affirmed. The court noted that the district court has broad discretion to grant or decline declaratory judgment, which is not governed by the stringent "exceptional circumstances" abstention requirements set forth in *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976).

In *RLI Insurance Company v. Wainoco Oil and Gas Company*, 131 F. Appx. 970 (5th Cir. 2005), the court confirmed the preference for abstention in federal cases where there is a pending state court action presenting the same issues.

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous inference with the orderly and comprehensive disposition of a state court litigation should be avoided. *Id.*

In *RLI*, much like the case at bar, the court addressed abstention where an insurer sought a declaratory judgment whether the insurer had a duty to defend and indemnify an underlying state court action.  The first factor weighed in favor of dismissal because there was a pending state action.  The court examined the second and third factors and found them to be neutral due to the fact that there had been "procedural fencing" by both sides in filing their respective suits.  The fourth factor weighed in favor of dismissal, as there would be little inequity in requiring a coverage determination to occur where the subject of the insurance is located.  The fifth factor in *RLI* was neutral, as there was convenience in both forums.  The sixth factor weighed in favor of dismissal because "deference to a pending state action in which all of the primary insurers are joined would allow one court to decide the issues in this case." *Id.* at 973.  The seventh factor did not apply.  According to this balance, the court found abstention proper.

In this case, this Court should dismiss Plaintiff's Complaint under the doctrine of abstention, just as the court found in *RLI*.  Like *RLI*, when the facts are applied to the abstention factors, the balance weighs in favor of dismissal. As the facts in this case are very similar to those raised in *RLI*, dismissal is appropriate.  The first factor in this case weighs in favor of dismissal, as there is a currently pending state court action which has been requested to address insurance coverage.  As to the second factor, AIC may or may not have filed its current declaratory judgment action in anticipation of a lawsuit brought by the Evans.  Like *RLI*, this factor is neutral.  There is no evidence currently as to forum shopping, so the third factor is also neutral.  As to the fourth factor, there is no inequity, only benefit, in having a state court decide coverage in the same proceeding concerning the subject of the coverage.  There is a pending state court action concerning the same issues presented by AIC in this case, so retention of jurisdiction in federal court would not promote judicial economy but would result in duplicitous

litigation, which demonstrates that the sixth factor weighs in favor of dismissal. The seventh factor does not apply in this case, as there is currently not a state decree.

This Court should exercise its broad discretion to dismiss this action on abstention grounds in favor of allowing the issues presented in this case to proceed in Pearl River County Circuit Court. The Pearl River County Circuit Court is familiar with the facts of this case, which are the same facts that would be used to decide the coverage issues presented in this case. Judicial economy favors dismissal, with all issues to be decided in one case, in one court, at one time. This case centers on contractual interpretation under Mississippi state law, further weighing in favor of dismissal.

WHEREFORE, this Court should decline to entertain jurisdiction in this case and dismiss this case with prejudice on abstention grounds.

Respectfully submitted, this the 23rd day of July, 2020.

<div style="margin-left:40%">

s/ Clark Hicks
L. CLARK HICKS, JR., MSB No. 8963
*Attorney for Defendants,*
*Mark and Ronette Evans*

</div>

L. CLARK HICKS, JR.,MSB No. 8963
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 18350
Hattiesburg, MS 39404-8350
Telephone: (601) 544-6770
Facsimile: (601) 544-6775
Email: clark@hicksattorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the above and foregoing with the Court's

CM/ECF filing system, which will send notice to the following:


Matt Quinlivan
Deutsch Kerrigan, L.L.P.
2510 14th Street, Suite 1001
Gulfport, MS 39501
matt@deutschkerrigan.com

This the 23rd day of July, 2020.


<div style="text-align: right;">

s/ Clark Hicks
L. CLARK HICKS, JR., MSB NO. 8963
*Attorney for Defendants,*
*Mark and Ronette Evans*

</div>