IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ACCIDENT INSURANCE COMPANY, INC.** | § § § | **PLAINTIFF** |
| **v.** | § § | **CIVIL NO.: 1:20cv191-HSO-JCG** |
| **DENNIS COLLIER CONSTRUCTION, LLC, ET AL.** | § § § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS MARK EVANS AND RONETTE EVANS'S MOTION [12] TO DISMISS

BEFORE THE COURT is the Motion [12] to Dismiss filed by Defendants Mark and Ronette Evans, which is fully briefed. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that the Motion [12] to Dismiss should be granted, and the Court will decline to exercise jurisdiction over Plaintiff Accident Insurance Company, Inc.'s declaratory judgment claims. This civil action will be dismissed without prejudice.

### I. BACKGROUND

A.   <u>Factual background</u>

This dispute centers around a commercial lines insurance policy (the "Policy") issued by Plaintiff Accident Insurance Company, Inc. ("Plaintiff" or "AIC") to its insured, Defendant Dennis Collier Construction, LLC ("DCC"). *See* Compl. [1] at 7-12. Plaintiff seeks a declaratory judgment that it does not owe any duties of defense or indemnity to DCC or its sole member, Defendant Dennis Collier ("Collier"), arising out of claims asserted by Defendants Mark Evans and Ronnette Evans (the

"Evanses") in a proceeding they instituted against DCC and Collier in the Circuit Court of Pearl River County, Mississippi (the "State Court Action"). *Id.* at 1-2, 11-12.

The Evanses filed suit in state court on December 10, 2019. *See* State Court Compl. [1-2]. They assert that they entered into a contract with DCC and Collier to construct or remodel their historic home located in Pearl River County, Mississippi, *see id.* at 1-2, and that DCC and Collier represented that all work would be "completed in a workman-like manner according to standard practices," *id.* at 3. The Evanses claim that they learned of "significant workmanship errors" and filed suit in state court, advancing claims against DCC and Collier for breach of contract, breach of express and implied warranties, specific performance, negligence, and gross negligence. *See id.* at 3-6.

DCC and Collier apparently made a claim on the Policy for defense and indemnity for the claims raised in the State Court Action. *See* Letter [1-3] at 1. On May 11, 2020, AIC's attorney sent DCC and Collier a letter [1-3] informing them that AIC would not provide them "a defense or indemnity against [the Evanses'] claims under the subject policy of insurance based upon the allegations of fact . . . ." *Id.* AIC determined that: (1) the Policy excluded coverage for damage caused by DCC and Collier's own work; (2) the Evanses' claims did not allege an occurrence under the Policy; (3) the warranty claims were specifically excluded under the Policy; (4) none of the insuring clauses in the Policy provided coverage for specific performance; and (5) there was no coverage for or duty to defend the gross

2

negligence claim because the Policy excluded coverage for punitive damages. *See id.* at 8-11.

B.   Procedural history

Invoking diversity jurisdiction, AIC instituted the present litigation on June 10, 2020, by filing a Complaint [1] in this Court against DCC, Collier, and the Evanses seeking a declaratory judgment. *See* Compl. [1]. AIC asks the Court to enter a judgment declaring that it owes no duty under the Policy to indemnify or defend DCC or Collier in the State Court Action, and that it owes no duty under the Policy to pay money or damages to the Evanses for their claims. *See id.* at 12.

One month after this lawsuit was initiated, on July 14, 2020, the Evanses filed an Amended Complaint for Damages and for Declaratory Judgment in state court, adding AIC as a defendant in that case and adding claims for negligent misrepresentation and marketing, negligent and reckless infliction of emotional distress, breach of the implied warranty of habitability, wrongful denial of entry from dwelling, wrongful denial of loss and enjoyment of the home, and declaratory judgment. *See* State Court Am. Compl. [12-1] at 1-2, 7-9. Of relevance here, the Evanses seek a declaratory judgment against AIC under Mississippi Rule of Civil Procedure 57 that the Policy "covers some or all" of their claims. *See id.* at 9.

One week later, on July 21, 2020, the Evanses filed the present Motion [12] to Dismiss under the doctrine of abstention, arguing that this Court should defer to the pending State Court Action because the factors set forth by the United States Court of Appeals for the Fifth Circuit in *St. Paul Insurance Company v. Trejo*, 39

F.3d 585 (5th Cir. 1994), warrant abstention.  *See* Mot. [12] at 1-2; Mem. [14] at 2-5.  DCC and Collier have joined [15] the Evanses' Motion [12] to Dismiss.

AIC opposes the Motion [12], contending that the Court should not abstain.  Resp. [16] at 1-2, 4-8.  AIC asserts that the factors set forth by the Fifth Circuit in *Trejo* weigh in favor of this Court retaining this case.  *See id.* at 6-7.  The Evanses have filed a Rebuttal [19], which DCC and Collier have joined [20], insisting the Court should abstain from exercising jurisdiction.  *See* Reply [19] at 2-4.

## II. DISCUSSION

A.  Relevant legal authority

When a district court has jurisdiction over a dispute, it generally has a "virtually unflagging" obligation to hear and decide the case.  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  However, the Declaratory Judgment Act confers discretion upon federal courts to decide whether to exercise jurisdiction and determine the rights of the parties.  28 U.S.C. § 2201(a).  Because of the discretion conferred by the statute, the United States Supreme Court has explained that district courts are "under no compulsion" to exercise jurisdiction over suits seeking declaratory judgments.  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).  The Supreme Court has reaffirmed *Brillhart*, holding that courts have substantial discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject-matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282

(1995) (citing *Brillhart*, 316 U.S. at 494). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 288.

A district court considering whether to abstain from exercising jurisdiction over a declaratory judgment action must apply the standards derived from *Brillhart*. *See Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (per curiam).[1] The Fifth Circuit has articulated a three-step inquiry for district courts to follow when determining whether to abstain from hearing a declaratory judgment action. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the Court must resolve whether the declaratory action is justiciable, which typically "becomes a question of whether an 'actual controversy' exists between the parties to the action." *Id*. If jurisdiction exists, the Court must then determine whether it has the authority to grant declaratory relief. *Id*. Third, the Court must decide whether to exercise its "broad discretion" to decide or dismiss the action. *Id.*

With respect to the "authority" requirement at the second step, a district court lacks authority to decide a declaratory judgment action when issuing a

---

[1] Because AIC seeks only a declaratory judgment and no coercive relief, the more stringent "exceptional circumstances" standard derived from *Colorado River* does not apply to this case. *See Wilton*, 515 U.S. at 286; *see also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 n.29 (5th Cir. 2014) ("A purely declaratory action affords a court broad discretion to defer to a parallel state proceeding. However, when an action involves coercive relief, the court must apply the abstention standard set forth in [*Colorado River*], under which the court's discretion to dismiss is narrowly circumscribed and is governed by a broader exceptional circumstances standard.") (quotation omitted).

5

declaratory judgment would be tantamount to enjoining a state proceeding in violation of the Anti-Injunction Act, 28 U.S.C. § 2283. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993).

> Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.

*Id.* (emphasis in original).

At step three, the Fifth Circuit has announced seven nonexclusive factors a court should consider in deciding whether to dismiss a declaratory action. *See St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *Trejo*, 39 F.3d at 590-91).

6

B.   Analysis

Having engaged in the three-step inquiry established by the Fifth Circuit, the Court concludes first that this matter is justiciable, meaning an actual controversy plainly exists between the parties. *See Orix Credit All., Inc.*, 212 F.3d at 895. The Court also finds that it has the authority to grant declaratory relief. *See id.* At the time this suit was filed, no Defendant had previously filed a state court proceeding against AIC involving the same issues as those presented in this case. *See, e.g., Colony Ins. Co. v. Ambling Mgmt. Co.*, 965 F. Supp. 2d 783, 789 (S.D. Miss. 2013) ("Since no cause of action was pending against [the plaintiff] in state court at the time its federal complaint for declaratory relief was filed, the court does not *lack authority* to consider [the plaintiff's] declaratory judgment compliant [sic].") (emphasis in original). It appears from the record that AIC was only named as a defendant in the State Court Action after it had already filed the Complaint for declaratory judgment in this Court. *See* State Court Am. Compl. [12-1].

At the third step of the analysis, the Court turns to whether abstention is appropriate based upon the *Trejo* factors and concludes that those factors weigh in favor abstention.

1.   First *Trejo* factor

The first *Trejo* factor implicates both efficiency and comity concerns. *Sherwin-Williams*, 343 F.3d at 391. "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court

7

should exercise its discretion to dismiss the federal suit." *Id.* at 390-91.  In opposing the Evanses' Motion to Dismiss, AIC focuses on the original state court complaint to argue that this factor weighs against abstention, pointing out that "the original state-court action involved a different issue than what is present in this action." Resp. [16] at 16.  This argument ignores the amended complaint filed in state court, and AIC has not cited any controlling authority that directs that the Court may only consider facts as they existed when the declaratory judgment Complaint [1] was filed.

As the Evanses point out, this Court has found abstention proper even in cases where the state declaratory judgment action was filed after the federal case. *See* Mem. [14] at 2 (citing *Nat'l Builders & Contractors Ins. Co. v. Dossett*, No. 2:10-CV-200-DCB-JMR, 2011 WL 1628029, at *4 (S.D. Miss. Apr. 28, 2011)); Rebuttal [19] at 2-3 (same).[2]  It bears noting that the second *Trejo* factor, whether a declaratory plaintiff filed suit in anticipation of a lawsuit by a defendant, *see Sherwin-Williams*, 343 F.3d at 388, would be rendered superfluous if a state-court plaintiff/federal-court defendant were always required to file suit before a federal-court plaintiff did so in order for abstention to apply under *Brillhart*.  If that were the case, then a declaratory plaintiff could never file a suit *in anticipation* of a state court lawsuit, as the state court lawsuit would always be initiated first.  *See id.*

---

[2] AIC complains that as of the filing of its Response [16] on August 5, 2020, it had not yet been served with process in the State Court Action.  *See* Resp. [16] at 7.  This does not control the Court's consideration of the *Trejo* factors on the record before it.  The amended complaint [12-1] in state court was filed on July 14, 2020, a mere 22 days before AIC's Response [16], and there is no indication from the record that the Evanses do not intend to prosecute their declaratory claims against AIC in state court.

In light of the Evanses' amendment to their complaint in state court to add AIC as a defendant and to state a claim for declaratory relief concerning coverage, the present case and the State Court Action now involve identical parties and the same state law issues concerning interpretation of the Policy. The State Court Action will resolve the legal issues presented by AIC's claim seeking a declaration of its own obligations under the Policy, which are distinctly state law issues. *See, e.g., Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 705 (5th Cir. 2020) (recognizing that state law generally governs breach of contract claims related to insurance policies). Because the Court finds that there is a pending state court action in which all matters in controversy may be litigated, the first *Trejo* factor weighs in favor of abstention.

2.   Second and third *Trejo* factors

The second and third *Trejo* factors, whether AIC filed suit in anticipation of a lawsuit filed by Defendants and whether AIC engaged in forum shopping in bringing the suit, address fairness concerns and "whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391. "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 390. Based upon the record before it, the Court is cannot say that the filing of this action was in improper anticipation of a lawsuit

9

filed by Defendants, nor was it an abusive means of forum shopping. The second and third factors do not weigh in favor of abstention.[3]

3.    Fourth *Trejo* factor

The fourth *Trejo* factor, whether there exist possible inequities by allowing AIC to gain precedence in time or to change forums, also addresses fairness considerations. *Id.* at 391. One possible inequity that a court may consider is the existence of a state-court insurance coverage suit involving the same parties and considering the same insurance coverage questions as those raised in the federal-court declaratory judgment action. *See, e.g., Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 168 (5th Cir. 2015); *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 321 (5th Cir. 2006). The danger is that such a parallel proceeding may permit the declaratory judgment plaintiff to gain precedence in time or change a previously selected forum for the declaration sought. *See Sherwin-Williams*, 343 F.3d at 391; *AXA Re Prop. & Cas. Ins. Co.*, 162 F. App'x at 321.

---

[3] The Evanses attach to their Rebuttal [19] e-mails between their attorney and counsel for AIC to argue that the second and third *Trejo* favors weigh in favor of abstention. *See* Rebuttal [19] at 4; Ex. [19-1] at 1-2. The Evanses's attorney e-mailed AIC's counsel on June 9, 2020, at 1:49 p.m., stating that he had received the coverage opinion and that he was requesting a copy of the Policy to determine whether he agreed. Ex. [19-1] at 1. This lawsuit was filed on June 10, 2020, the very next day. AIC's counsel responded with an e-mail on June 10, 2020, at 4:13 p.m., less than 24 hours after the Evanses's attorney requested the Policy, attaching a copy of the Complaint [1] and a copy of the Policy. *See id.* While this evidence demonstrates that AIC may have filed this lawsuit in anticipation of a lawsuit by the Evanses, the Evanses do not explain why they did not attach these e-mails to their initial Motion [12] to Dismiss and instead waited until their Rebuttal [19] to attach them and raise this argument. *See* Mem. [14] at 4 (arguing that the second and third *Trejo* factors are neutral). Arguments raised for the first time in a reply brief are waived, *see Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015), and the Court will not consider the e-mails in resolving the Motion [12] to Dismiss. However, because the Court finds that abstention is nevertheless appropriate, the result would not change.

The coverage issues surrounding AIC's obligations as they are presented in this case appear identical to the coverage issues currently before the state court. Although the facts of this case do not necessarily demonstrate that AIC filed suit in anticipation of a lawsuit filed by the Evanses or that it engaged in forum shopping, it is still possible or even likely that there would be "inequities" flowing from the Court's exercise of jurisdiction over this case. *See Sherwin-Williams*, 343 F.3d at 391. Entertaining this declaratory judgment action could potentially deprive the Evanses of their choice of forum by forestalling the state court action and would likely result in piecemeal litigation. Moreover, any opinion reached by this Court might contradict a ruling in the state court, which could create inequities by giving AIC precedence in time and forum over the parties in the state court proceeding. *See id.*; *see also, e.g., Matter of ABC Dentistry, P.A.*, 978 F.3d 323, 325 (5th Cir. 2020) (noting that res judicata bars the litigation of claims that have been litigated or should have been raised in an earlier suit). The Court therefore finds that, in light of these possible inequities, this factor weighs slightly in favor of abstention. *See Sherwin-Williams*, 343 F.3d at 391.

4.  Fifth *Trejo* factor

The fifth *Trejo* factor, whether the Court is a convenient forum for the parties and witnesses, is neutral. *See id.* There is no indication that this Court is a more or less convenient forum than the Circuit Court of Pearl River County, Mississippi.

5.   Sixth *Trejo* factor

The sixth factor, whether retaining the lawsuit would serve purposes of judicial economy, involves efficiency considerations. *See id.* One efficiency concern is avoiding duplicative or piecemeal litigation. *See id.*; *Colony Ins. Co.*, 965 F. Supp. 2d at 791. As the Fifth Circuit stated in *Sherwin-Williams*, duplicative litigation may "raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." 343 F.3d at 391.

In the present case, the pending state court proceeding will resolve the same coverage questions that are presented in this case. "Were this court to retain jurisdiction over this lawsuit, the coverage issues . . . would be simultaneously litigated by the state and federal courts," which would not serve judicial economy. *Colony Ins. Co.*, 965 F. Supp. 2d at 791; *see also Burlington Ins. Co. v. Brushy Creek Timber Co.,* No. 3:13CV1077-DPJ-FKB, 2014 WL 1882473, at *3 (S.D. Miss. May 12, 2014). Deference to the pending State Court Action in which all of the parties to this case are joined would allow one court to decide the issues in this case. *See RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 F. App'x 970, 973 (5th Cir. 2005).

Moreover, this case remains in its infancy, as no Defendant has filed an answer to the Complaint and no case management conference has occurred. Nor have any of the substantive issues been considered or decided by this Court. *But see Ironshore Specialty Ins. Co.*, 624 F. App'x at 168 (holding that, where the parties had fully briefed the merits of the insurance issues and had entered into extensive

12

factual stipulations in the district court, judicial economy weighed against dismissal). This sixth factor favors abstention.

6.   Seventh *Trejo* factor

Finally, the seventh factor, whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is pending, is currently inapplicable, as at this time there is no need to construe a state judicial decree. However, resolution of the Policy coverage questions in the State Court Action could eventually require this Court to construe a state judicial decree to decide issues in this litigation. This factor is at least neutral and more likely weighs slightly in favor of abstention.

On balance, weighing the *Trejo* factors together the Court is of the view that it should exercise its discretion to abstain from hearing this declaratory judgment action in deference to the state court proceedings. The Evanses's Motion [12] will be granted, and AIC's claims for declaratory judgment will be dismissed without prejudice.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. The Court finds that the Evanses' Motion [12] to Dismiss should be granted. The Court will exercise its discretion to abstain from deciding AIC's claims for declaratory relief and will dismiss AIC's claims without prejudice.

13

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Mark and Ronette Evans's Motion [12] to Dismiss is **GRANTED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that, Plaintiff Accident Insurance Company, Inc.'s claims are **DISMISSED WITHOUT PREJUDICE**.  A separate Final Judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of February, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE